# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHONE.COM, LLC; ESCOM, LLC; CONSULTANTS.COM, LLC; LOVE TACTICS, LLC; RELATIONSHIPS.COM, LLC; and INTERNET REAL ESTATE GROUP, LLC,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>SOVEREIGN BANK,<br><br>　　　　　　Defendant. | Civil Action No. 08-11717-WGY |

## ANSWER TO COMPLAINT

Pursuant to Fed. R. Civ. P. 8 and 12, defendant Sovereign Bank ("Sovereign") hereby answers in numbered paragraphs corresponding to those of the Complaint and Jury Demand (the "Complaint") filed by plaintiffs Phone.com, LLC, Escom, LLC, Consultants.com, LLC, Love Tactics, LLC, Relationship.com, LLC and Internet Real Estate Group, LLC (collectively, the "Plaintiffs") as follows:

## INTRODUCTION

1.　Paragraph 1 of the Complaint contains an introduction and legal conclusions to which no responsive pleading is required. To the extent that a response is required, Sovereign denies that any of its actions were improper, wrongful or caused the Plaintiffs to lose substantial sums of money in 2007 and 2008. Sovereign also denies that it allowed an unauthorized individual, namely Mr. Christopher Britt ("Britt"), to wrongfully withdraw or otherwise take control of money that belonged to the Plaintiffs. Further responding, Sovereign denies that Britt

had no signing authority on the Plaintiffs' bank accounts at Sovereign or any other legal authorization to take action on the Plaintiffs' accounts.

2.  Sovereign admits that a representative of Escom, LLC ("Escom"), Phone.com, LLC ("Phone") and Consultants.com, LLC ("Consultants") notified Sovereign of certain facts about the allegedly missing money and requested reimbursement, but denies the remaining factual allegations contained in the first sentence of paragraph 2 of the Complaint. Sovereign admits that its in-house counsel received a demand letter on behalf of Escom, Phone and Consultants allegedly asserting claims under M.G.L. c. 93A ("Chapter 93A"), but denies the remaining factual allegations contained in the second sentence of paragraph 2. Sovereign admits that it froze the bank accounts of Phone, Consultants, and seventeen other LLC entities (including Love Tactics, LLC ("Love Tactics"), Relationship.com, LLC ("Relationship") and Internet Real Estate Group, LLC ("IREG")) with which some of the principals of the Plaintiffs including Phone, Escom and Consultants are affiliated. However, Sovereign denies that the bank accounts were frozen maliciously, unlawfully and/or without just cause. Further responding, Sovereign admits that it allowed Britt in March 2008 to close two Escom bank accounts at Sovereign, but denies that such actions were wrongful.

3.  Sovereign admits that it closed IREG's business Line of Credit in the maximum amount of $50,000 in August, 2008, but denies that it closed the Line of Credit in bad faith or as a retaliatory measure. Sovereign admits that the action occurred at or about the same time that Phone, Escom and Consultants were seeking a response to their Chapter 93A demand letter, but denies that closing the Line of Credit was a retaliatory action or in bad faith. Sovereign admits that it was provided with two extensions of time to respond to the Chapter 93A demand letter;

however, Sovereign notes that no response was required to the demand letter under M.G.L. c. 93A, Section 11, which Sovereign pointed out to Plaintiffs' counsel in written correspondence.

4. Sovereign admits that it allowed Britt in 2007 and 2008 to deposit checks made payable to Love Tactics, Relationship, and IREG into other bank accounts at Sovereign, but denies the remaining factual allegations contained in paragraph 4 of the Complaint.

5. Sovereign denies the factual allegations contained in paragraph 5 of the Complaint.

6. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegation that Plaintiffs' losses exceed $515,538.18. As to the remaining factual allegations contained in the first sentence of paragraph 6 of the Complaint, Sovereign denies that it acted wrongfully and/or with inaction which allowed Britt to steal in excess of $515,538.13 from the Plaintiffs. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second sentence of paragraph 6, but denies that it permitted Britt to steal from the Plaintiffs. Sovereign denies the factual allegations contained in the third sentence of paragraph 6. The fourth sentence of paragraph 6 calls for a legal conclusion that does not require a responsive pleading by Sovereign.

## Parties, Venue and Jurisdiction

7. Sovereign admits that Phone is a Delaware limited liability company. Further responding, Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 7 of the Complaint.

8. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Complaint.

9. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 9 of the Complaint.

10. Sovereign admits that Love Tactics is a Delaware limited liability company. Further responding, Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 10 of the Complaint.

11. Sovereign admits that Relationship is a Delaware limited liability company. Further responding, Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 11 of the Complaint.

12. Sovereign admits that IREG is a Delaware limited liability company. Further responding, Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 12 of the Complaint.

13. Sovereign denies that it is a corporation and, further responding, states that it is a federally chartered savings and loan association. Sovereign admits the remaining factual allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 calls for a legal conclusion to which no response is required. To the extent that a response is required, Sovereign states that the Notice of Removal it filed with the United States District Court for the District of Massachusetts deprived the Superior Court of Suffolk County of venue over this action, if such venue was proper.

15. Paragraph 15 calls for a legal conclusion to which no response is required. To the extent that a response is required, Sovereign states that the Notice of Removal it filed with the United States District Court for the District of Massachusetts deprived the Superior Court of Suffolk County of jurisdiction over this action, if such jurisdiction was proper.

Facts

16. Sovereign admits that IREG is located in Boston and is one of the managers of Phone, Consultants, Love Tactics and Relationship. Further responding, Sovereign states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 16 of the Complaint.

I. Escom, LLC

17. Sovereign admits the factual allegations contained in the first sentence of paragraph 17 of the Complaint. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second sentence of paragraph 17. Sovereign denies the factual allegations contained in the third and fourth sentences of paragraph 17. Sovereign admits that copies of certain Sovereign documents indicating signing authority on Escom's accounts were attached to the Complaint as Exhibit A, but denies that the documents are complete.

18. Sovereign admits the factual allegations contained in the first sentence of paragraph 18 of the Complaint. Further responding, Sovereign admits that a copy of the Sovereign withdrawal slip that was used to close the account was attached to the Complaint as Exhibit B.

19. Sovereign admits the factual allegations contained in the first and second sentences of paragraph 19 of the Complaint. Further responding, Sovereign admits that copies of the Sovereign documents closing out the Escom money market account were attached to the Complaint as Exhibit C.

20. Sovereign admits that the check was presented for deposit on March 4, 2008 and initially processed on March 5, 2008, that the check was not endorsed on the reverse side and

that it was presented for deposit into an account of Priviley, LLC. Further responding, Sovereign denies the remaining factual allegations contained in the first sentence of paragraph 20 of the Complaint. Sovereign admits that a copy of the check was attached to the Complaint as Exhibit D.

21. Sovereign admits the factual allegations contained in paragraph 21 of the Complaint, except that it required a signed Confirmation of Endorsement ("COE") form from Britt and/or another authorized signatory on the Escom account.

22. Sovereign admits the factual allegations in the first sentence of paragraph 22 of the Complaint, but denies that the check was deposited without endorsement as the signed COE forms substituted for an endorsement on the check. Sovereign admits that copies of the COE forms were attached to the Complaint as Exhibit E.

23. The factual allegations contained in the first sentence of paragraph 23 of the Complaint concern a document that speaks for itself. Further responding, Sovereign admits that Mr. Hubshman did not personally appear before Robby A. Thomas when the COE form bearing his signature was notarized, but denies that was the case with respect to the COE form signed by Britt. Sovereign denies the remaining factual allegations contained in the third sentence of paragraph 23. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the fourth sentence of paragraph 23 of the Complaint.

24. The factual allegations contained in paragraph 24 of the Complaint concern documents that speak for themselves.

25. The factual allegations contained in the first sentence of paragraph 25 of the Complaint concern a document that speaks for itself. Further responding, Sovereign denies the remaining factual allegations contained in paragraph 25 of the Complaint.

26. Sovereign denies the factual allegations contained in paragraph 26 of the Complaint.

27. Sovereign denies the factual allegations contained in paragraph 27 of the Complaint.

II. Phone.com LLC

28. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first sentence of paragraph 28 of the Complaint. Sovereign admits the factual allegations contained in the second sentence of paragraph 28. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegation contained in the third sentence of paragraph 28. Sovereign admits that a copy of the $150,000 check was attached to the Complaint as Exhibit F.

29. Sovereign admits the factual allegations contained in the first sentence of paragraph 29 of the Complaint. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second sentence of paragraph 29. Sovereign admits that a copy of the $5,612.00 check was attached to the Complaint as Exhibit G.

30. Sovereign denies that it had any obligation to reimburse or pay Phone any funds related to the checks at issue and, further responding, admits that it has not reimbursed or paid Phone any such funds.

31. Sovereign denies the factual allegations contained in paragraph 31 of the Complaint.

III. Consultants.com, LLC

32. Sovereign admits that it processed check numbers 1001, 1002, 1004, 1005 and 1006, in the total amount of $40,500, which were drawn on the bank account of Consultants at

Sovereign and made payable to Priviley. Sovereign states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in the first and second sentences of paragraph 32 of the Complaint. Further responding, Sovereign admits that copies of the checks totaling $40,500.00 were attached to the Complaint as Exhibit H.

33. Sovereign denies that it had any obligation to reimburse or pay Consultants for the $40,500.00 in funds and, further responding, admits that it has not reimbursed or paid Consultants such funds.

34. Sovereign denies the factual allegations contained in paragraph 34 of the Complaint.

IV. Love Tactics, LLC

35. Sovereign admits the factual allegations contained in the first sentence of paragraph 35 of the Complaint. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the second sentence of paragraph 35.

36. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 36 of the Complaint.

37. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 37 of the Complaint.

38. Sovereign denies that it had any obligation to reimburse Love Tactics for any funds related to the checks at issue and, further responding, admits that it has not reimbursed or paid Love Tactics any such funds.

39. Sovereign denies the factual allegations contained in paragraph 39 of the Complaint.

## V.    Relationship, LLC

40.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 40 of the Complaint.

41.    Sovereign denies that it had any obligation to reimburse Relationship for any funds related to the checks at issue and, further responding, admits that it has not reimbursed or paid Relationship any such funds.

42.    Sovereign denies the factual allegations contained in paragraph 42 of the Complaint.

## IV.    Internet Real Estate Group, LLC

43.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 43 of the Complaint.

44.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 44 of the Complaint.

45.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 45 of the Complaint.

46.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 46 of the Complaint.

47.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 47 of the Complaint.

48.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 48 of the Complaint.

49.    Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 49 of the Complaint.

50.     Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 50 of the Complaint.

51.     Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 51 of the Complaint.

52.     Sovereign denies that it had any obligation to reimburse IREG for any funds related to the checks at issue and, further responding, admits that it has not reimbursed or paid IREG any such funds.

53.     Sovereign denies the factual allegations contained in paragraph 53 of the Complaint.

VII.    <u>All Plaintiffs</u>

54.     Sovereign admits that in late May and early June 2008, representatives of Phone, Escom and Consultants notified Sovereign that allegedly unauthorized transactions had taken place on their Sovereign bank accounts. Further responding, Sovereign denies the remaining factual allegations contained in paragraph 54 of the Complaint.

55.     Sovereign denies the factual allegations contained in paragraph 55 of the Complaint.

56.     Sovereign admits that Phone, Escom and Consultants sent to Sovereign a document entitled "Claims by Escom LLC, Phone.com, LLC & Consultants.com, LLC," a copy of which was attached to the Complaint as Exhibit I. Further responding, Sovereign denies the remaining factual allegations contained in paragraph 56 of the Complaint.

57.     Sovereign admits the factual allegations contained in paragraph 57 of the Complaint. Further responding, to the extent that the allegations imply any obligation to

reimburse the Plaintiffs or provide them with a copy of any internal investigative report, Sovereign denies that it had any such obligations.

58. Sovereign admits the factual allegations contained in the first and second sentences of paragraph 58 of the Complaint. Sovereign admits that its in-house attorney received a copy of the purported Chapter 93A demand letter via e-mail, but denies that the letter was reviewed no later than 5:36 p.m. on the date of receipt. Further responding, Sovereign admits that a copy of the Chapter 93A demand letter was attached to the Complaint as Exhibit J.

59. Sovereign admits that on July 11, 2008 it sent a letter to Plaintiffs' counsel notifying Plaintiffs that it was placing a hold on certain bank accounts of Plaintiffs (as well as bank accounts of other related entities). Sovereign denies that its actions were taken and notification was sent as a result of the service of the purported Chapter 93A demand letter. Sovereign admits that the Escom bank accounts at Sovereign had been previously closed and therefore were not subject to any actions in July 2008, but denies that it wrongfully allowed Britt to close the Escom account. Sovereign denies the factual allegations contained in the third sentence of paragraph 59 of the Complaint. Sovereign admits that the notification letter contained a list of documents that were required to be provided in order to have the accounts unfrozen, but denies the remaining factual allegations contained in the fourth sentence of paragraph 59. Sovereign admits that a copy of the July 11, 2008 notification letter was attached to the Complaint as Exhibit K.

60. Sovereign admits that Plaintiffs' counsel requested that the bank accounts be unfrozen in phone calls with Sovereign's representative. Further responding, Sovereign states that its representative told counsel for the Plaintiffs that the accounts would be unfrozen as soon as the information requested in the notification letter was received, that it would review items

presented for payment on the frozen accounts daily, and would work with the Plaintiffs to ensure that only authorized transactions were processed on the frozen accounts. Further responding, Sovereign denies the remaining factual allegations contained in paragraph 60 of the Complaint.

61. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 61 of the Complaint.

62. Sovereign denies the factual allegation contained in the first sentence of paragraph 62 of the Complaint. Sovereign admits the factual allegations contained in the second and third sentences of paragraph 62. Sovereign denies the remaining factual allegations contained in paragraph 62.

63. Sovereign denies the factual allegations contained in paragraph 63 of the Complaint.

64. Sovereign admits that in August, 2008 it closed IREG's Line of Credit, but denies that this action was without any notice or without proper reason. Further responding, Sovereign denies the remaining factual allegations contained in paragraph 64 of the Complaint.

## COUNT I

(All plaintiffs for Breach of Contract and/or the UCC)

65. Sovereign incorporates and realleges its responses to paragraphs 1 through 64 as if set forth in full herein.

66. Sovereign admits the allegation contained in the first sentence of paragraph 66 of the Complaint. Further responding, the remaining allegations of paragraph 66 contain legal conclusions to which no response is required. To the extent that a further response is required, Sovereign denies the remaining allegations contained in paragraph 66.

67. Sovereign denies the allegations contained in paragraph 67 of the Complaint.

68.   Sovereign denies the allegations contained in paragraph 68 of the Complaint.

69.   Paragraph 69 calls for a legal conclusion that does not require a responsive pleading by Sovereign. To the extent that a response is required, Sovereign denies that it caused the Plaintiffs any compensable damages, including but not limited to lost funds and lost profits.

## COUNT II

(All plaintiffs for Breach of the Covenant of Good Faith and Fair Dealing)

70.   Sovereign incorporates and realleges its responses to paragraphs 1 through 69 as if set forth in full herein.

71.   Sovereign admits the allegations contained in paragraph 71 of the Complaint.

72.   Sovereign denies the allegations contained in paragraph 72 of the Complaint.

73.   Sovereign denies the allegations contained in paragraph 73 of the Complaint.

74.   Paragraph 74 calls for a legal conclusion that does not require a responsive pleading by Sovereign. To the extent that a response is required, Sovereign denies that it caused the Plaintiffs any compensable damages, including but not limited to lost funds and lost profits.

## COUNT III

(All plaintiffs for Negligence)

75.   Sovereign incorporates and realleges its responses to paragraphs 1 through 74 as if set forth in full herein.

76.   Paragraph 76 calls for a legal conclusion that does not require a responsive pleading by Sovereign. To the extent that a response is required, Sovereign denies the allegations contained in paragraph 76 of the Complaint.

77.   Sovereign denies the allegations contained in paragraph 77 of the Complaint.

78.   Sovereign denies the allegations contained in paragraph 78 of the Complaint.

79. Paragraph 79 calls for a legal conclusion that does not require a responsive pleading by Sovereign. To the extent that a response is required, Sovereign denies that it caused the Plaintiffs any compensable damages, including but not limited to lost funds and lost profits.

## COUNT IV

(All plaintiffs for Equitable Estoppel)

80. Sovereign incorporates and realleges its responses to paragraphs 1 through 79 as if set forth in full herein.

81. Sovereign admits that the use of signature cards, other bank documents, and bank policies and procedures are designed to safeguard bank account assets and checks, but denies the remaining allegations contained in the first sentence of paragraph 81 of the Complaint. Sovereign denies the remaining allegations contained in paragraph 81.

82. Sovereign denies the allegations contained in paragraph 82 of the Complaint.

83. Paragraph 83 calls for a legal conclusion that does not require a responsive pleading by Sovereign. To the extent that a response is required, Sovereign denies that it caused the Plaintiffs any compensable damages, including but not limited to lost funds and lost profits.

## COUNT V

(All plaintiffs for Violation of Mass. Gen. L. c. 93A)

84. Sovereign incorporates and realleges its responses to paragraphs 1 through 83 as if set forth in full herein.

85. Sovereign admits the allegation contained in the first sentence of paragraph 85 of the Complaint. Sovereign denies that it committed any wrongful actions as alleged in the Complaint, but admits the remaining allegations contained in paragraph 85.

86. Sovereign denies the allegations contained in paragraph 86 of the Complaint.

87.     Sovereign denies the allegations contained in paragraph 87 of the Complaint.

88.     Paragraph 88 calls for a legal conclusion that does not require a responsive pleading by Sovereign. To the extent that a response is required, Sovereign denies that it caused the Plaintiffs any compensable damages, including but not limited to lost funds and lost profits.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each of its counts fail to state a claim against Sovereign upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part by M.G.L. c. 106, § 3-405.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by M.G.L. c. 106, § 3-406.

### Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by M.G.L. c. 106, § 4-406.

### Fifth Affirmative Defense

Sovereign exercised ordinary care with regard to the checks and items in question and did not violate its procedures or vary unreasonably from general banking usage not disapproved by Articles 3 or 4 of M.G.L. c. 106.

### Sixth Affirmative Defense

Any damages suffered by the Plaintiffs were caused by parties for whom Sovereign is not legally responsible or answerable.

**Seventh Affirmative Defense**

The actions complained about in the Complaint, if proven by the Plaintiffs, are outside the scope of any contractual relationship or agreement between Sovereign and the Plaintiffs, and were not authorized by Sovereign.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because they failed to mitigate their damages, if any were incurred.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by their own contributory or comparative negligence.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the doctrines of ratification, waiver, estoppel and unclean hands.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because the instruments at issue were properly payable pursuant to M.G.L. c. 106, § 4-401.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation and/or are otherwise time-barred.

**Thirteenth Affirmative Defense**

Plaintiffs' claim in negligence is barred in whole or in part by the economic loss doctrine.

### Fourteenth Affirmative Defense

Plaintiffs are not entitled to recovery of consequential damages, if any were incurred, in this action.

### Fifteenth Affirmative Defense

Sovereign acted in good faith, and in conformity with commercially reasonable banking practices, with respect to all transactions and occurrences that are alleged in the Complaint.

WHEREFORE, Sovereign Bank respectfully requests that the Court:

A. Dismiss the Complaint with prejudice and enter final judgment in Sovereign's favor and against the Plaintiffs;

B. Award Sovereign its attorneys' fees and costs incurred in this action; and

C. Award Sovereign such other relief as the Court deems just and proper.

SOVEREIGN BANK,
By its Attorneys,

/s/ J. Patrick Kennedy
J. Patrick Kennedy, BBO# 565778
Jennifer Rocha, BBO# 669051
Bulkley, Richardson and Gelinas, LLP
98 North Washington Street, Suite 500
Boston, MA 02114-0016
(617) 368-2500

Dated: November 6, 2008

### CERTIFICATE OF SERVICE

I, Jennifer Rocha, hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this 6th day of November, 2008.

/s/ Jennifer Rocha
Jennifer Rocha

707954-1