UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
PHONE.COM, LLC; ESCOM, LLC,                )
)
               Plaintiffs,        )
)
          v.                                  )     Civil Action No. 08-cv-11717-WGY
)
SOVEREIGN BANK,                            )
)
              Defendant.        )
_____)


MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF BOULAY REPORT AND CASE NOTES

      The Plaintiffs hereby respectfully file this Memorandum in support of their request that

the Court order the Defendant Sovereign Bank to product to the Plaintiffs forthwith a full and

complete copy (with attachments) of the internal investigative report on this matter drafted by the

Defendant's employee Ms. Laura J. Boulay ("Boulay"), as well as her related case notes.

I.      Factual Background

      A.      This Action

      This diversity civil action is brought by the plaintiffs Phone.com, LLC ("Phone") and

Escom, LLC ("Escom") which lost in 2007 and 2008 a total of $460,461.62 due to the wrongful

actions of their bank - the defendant Sovereign Bank ("Sovereign").

      The Plaintiffs will each be pursuing at trial three separate Massachusetts law counts:

(i) violation of the Uniform Commercial Code (as reflected in Mass. Gen. L. c. 106), (ii) breach

of the implied covenant of good faith and fair dealing, and (iii) violation of Mass. Gen. L. c.

93A.

As more fully detailed in the Joint Pre-Trial Memorandum, the Plaintiffs expect to show at trial that Sovereign allowed an unauthorized third-party individual, namely Mr. Christopher Britt, to withdraw or otherwise take control over $155,612 in funds belonging to Phone and to another $304,849.62 in funds belonging to Escom, even though Britt had no signing authority on the Plaintiffs' Sovereign accounts or any other legal authorization to take such actions.   In addition, Sovereign's actions towards the Plaintiffs both at the time of the losses, and after discovery of the losses, have been outrageous and not consistent with good faith or fair dealing - including (but not limited to) (i) Sovereign's failure to follow its clear and simple procedures for confirming and certifying before a notary public and a witness the legitimacy of large (over $5,000.00) banking transactions in which a check made out to one entity is deposited into the account of another entity in order to avoid theft, (ii) the false notarization and witnessing of a Sovereign Confirmation Of Endorsement Form altered by "White-Out" redaction ink by a Sovereign branch manager (who refused to testify at his deposition based on his rights against self-incrimination under the Fifth Amendment), (iii) the presence in Sovereign's books and records of a signature "card" for a Phone account that contains forged signatures, (iv) the freezing of all bank accounts of Phone's affiliates less than 48 hours after the Plaintiffs sent their Chapter 93A letter to Sovereign, and (v) the sudden and pretextual cancellation of a $50,000 credit line of a Phone affiliate a few weeks after the Plaintiffs sent their Chapter 93A letter to Sovereign.

B.    The Deposition of Ms. Laura Boulay

On June 24, 2009, the Plaintiffs deposed Boulay during discovery in this matter.

During Boulay's deposition (a copy of the transcript is attached hereto as Exhibit A), she testified that she produced, and then reviewed to prepare for her deposition, an approximately

two page report.  Exhibit A at 12-13, 51-52.  Boulay also testified that that she had sent this

report in approximately October of 2008 to her supervisor Charlie Loycano.  Exhibit A at 12-13.

At that point in the deposition, counsel had the following discussion on the record:

"MR. BOK: Patrick, are you taking a privilege on that report?

MR. KENNEDY: Yes, we are taking a privilege on the report.

MR. BOK: And that is the work product privilege?

MR. KENNEDY: Work product privilege.

MR. BOK: And you are going to take that even though she reviewed it in advance of this

deposition?

MR. KENNEDY: Yes.

MR. BOK: I don't necessarily agree with you about that, but we will fight about that later."

Exhibit A at 13-14; see also Exhibit A at 52.  Attorney Kennedy later refused to let Boulay

answer a question about what she wrote in her report.  Exhibit A at 52.

 Boulay also testified that she made case notes and reviewed these notes to prepare for her

deposition.  Exhibit A at 12 and 17.  These case notes, for example, contain her notes of her two

phone conversations in June 2008 with Christopher Britt.  Exhibit A at 17-18, 20.  Boulay

testified that she could not remember some information about these calls, but she noted that this

information was "documented."  Exhibit A at 18, 21.  Sovereign's attorney stated at the

deposition that these notes were not sent to the Plaintiffs as they had been "withheld on a claim

of work product privilege."  Exhibit A at 17-18.

 Boulay is not an attorney.  See Exhibit A at 8 (she had no education after high school).

 As far as the Plaintiffs can tell from a review of the Massachusetts Board of Bar

Overseers web site, Charlie Loycano is also not an attorney.

II.     Argument

A.      Documents Reviewed by a Deposition Witness to Prepare Are Discoverable

Fed. R. Evid. 612 provides, in relevant part, that documents reviewed by a witness to refresh his or her recollection prior to testimony must be produced to the opposing party for possible use in cross-examination "if the court in its discretion determines it is necessary in the interests of justice."  See also In re Atlantic Financial Management Securities Litigation, 121 F.R.D. 141, 143 (D. Mass. 1988) (Skinner, J.).

This rule of disclosure is fully applicable to deposition testimony, as well as to trial testimony.   Fed. R. Civ. P. 30(c) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."); Sporck v. Pell, 753 F.2d 312, 317 (3rd Cir.), cert. den., 474 U.S. 903 (1985); In re Atlantic Financial Management Securities Litigation, 121 F.R.D. at 143; Heron Interact, Inc. v. Guidelines, Inc., 244 F.R.D. 75, 76 (D. Mass. 2007) (Neiman, C.M.J.); Derderian v. Polaroid Corporation, 121 F.R.D. 13, 15 (D. Mass. 1998) (Collings, M.J.) ; cf. Commonwealth v. Marsh, 354 Mass. 713, 721-722 (1968) ("It is an artificial distinction to allow inspection of notes used on the stand to refresh recollection and to decline it where the witness inspects his notes just before being called to the stand.").[1]

Moreover, when the Court finds that the disclosure of the refreshing document is necessary in the interests of justice, any attorney-client privilege or work product protection

---

[1] If the Plaintiffs meet the Rule 612 disclosure standard, then nothing in Fed, R. Civ. P. 26(b)(3) blocks the disclosure of the report since the standards of these two provisions are "in harmony."  See Napolitano v. Omaha Airport Authority, 2009 WL 1393392, *4 (D. Neb. 2009) (Gossett, M.J.) (copy attached hereto as Exhibit B).  The Napolitano decision also is of interest in that it is recent, cites the relevant legal authorities (including the Heron Interact, Inc decision from the District of Massachusetts), and orders the disclosure of the notes written by the deponent which he used to refresh his memory prior to his deposition.

otherwise given to this document "is waived." See Derderian, 121 F.R.D. at 15.

Furthermore, when such a deposition witness is also expected to be an adverse witness at trial, the trail judge should consider the effect of such trial testimony in making his or her "interests of justice" disclosure determination "regardless of whether [the witness] again reviews [the document] before testifying at trial."  See Derderian, 121 F.R.D. at 17-18.

B.      Boulay's Report And Case Notes Should Be Produced To The Plaintiffs

It is beyond dispute, as noted above, that Sovereign non-attorney employee Boulay reviewed her report and case notes prior to her deposition in order to refresh her recollection. Thus, the sole issue before the Court is whether the disclosure of this report and case notes to the Plaintiffs are in the "interests of justice"

In making the "interests of justice" determination, in this District it currently appears that the Court "must balance [the moving party's] need to see the documents - so as to have a complete record of its examination as well as to test [the witnesses] credibility – with [the other party's] interest in protecting privileged information which might reveal its counsel's trial strategy or theory of the case." See Heron Interact, Inc., 244 F.R.D. at 77.[2]

Here the Plaintiffs have a strong and substantial need for this report and case notes in order to be able to effectively cross-examine Boulay at trial.  In contrast, the disclosure of this report and case notes will not reveal trail counsel's trial strategy or theory of the case, in that the report and notes were written by a non-attorney employee of Sovereign (i.e., Boulay) – long

_____

[2] The Plaintiffs notes that in many other Districts the case law is that it is always in the interests of justice to order the disclosure of documents used by a deposition witness to prepare for a deposition.  See Derderian, 121 F.R.D. at 16 (collecting cases); James Julian, Inc. v. Raytheon Company, 93 F.R.D. 138, 145-146 (D. Del. 1982) (collecting cases).  Although the Plaintiffs believe that this flat rule of disclosure is the proper and most just legal standard, the Court need not resolve this conflict in legal standards since (as shown below) the report and case notes should be produced even under the higher standard provided in the Heron Interact, Inc. decision.

before any discovery occurred in this case.  See Heron Interact, Inc., 244 F.R.D. at 78 (in

ordering disclosure of notes written by the deponent, Magistrate Judge Neiman notes that

disclosure of the documents at issue "would not tread on Plaintiff's attorney's thought processes"

since the documents were not written by that attorney but by the deponent); Napoilitano, 2009

WL 1393392, *4 (same); see also Hickman v. Taylor, 329 U.S. 495, 506 (1947) ("discovery

provisions are to be applied as broadly and liberally as possible, the [work product] privilege

limitation must be restricted to its narrowest bounds.").

     In addition the Plaintiffs have a substantial need for the report and case notes in that

Boulay in drafting her report and case notes had, as a real and practical matter, far greater access

to bank employees and records (and to Britt after the discovery of the thefts) than the Plaintiffs.

See Derderian, 121 F.R.D. at 16-17 (noting that when one party does not have "as complete

access" or "equal access" to witnesses and/or records, then there is more of a reason to order the

production of the documents based on this more complete access which are used to refresh the

deponent).

     Moreover, the Plaintiffs have a Chapter 93A count in this action, and any evidence from

the report or case notes that the internal investigator at Sovereign knew that the bank had no

reasonable basis to deny liability to the Plaintiffs and yet did so, and/or that the bank is now

relying on factual defenses that did not exist in their own 2008 internal investigation, are highly

relevant.  To that end, having Boulay testify at trial before a jury on her investigation, while

denying the Plaintiffs the report and contemporaneous case notes from that investigation, is

highly unfair and not in the interests of justice.

Thus, there is no reasonable basis not to compel production of the report and case notes for use by the Plaintiffs at trial.[3/]

III.    Conclusion

For all of the foregoing reasons, the Plaintiffs respectfully request that the Court order Sovereign to produce to the Plaintiffs forthwith a full and complete copy of the Boulay case notes and report (with attachments).

In the alternative, and without waiving the Plaintiffs' claim that Boulay's entire case notes and report should be fully produced without Court inspection, the Plaintiffs respectfully request that the Court review these documents *in camera* and order the Defendant to produce to Plaintiffs as much of these documents as possible, consistent with the interests of justice.

The Plaintiffs also request such additional relief as is just and proper.

Respectfully submitted,

PHONE.COM, LLC; and ESCOM, LLC;

By their attorneys,


/s/  Geoffrey R. Bok
Geoffrey R. Bok (BBO #550851)
John M. Simon (BBO #645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated:  January 19, 2010

_____

[3/] Of course, the Plaintiffs will need to review the report and case notes before making any determination on whether they are admissible at trial, or merely a source of information for Boulay's cross-examination.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically today to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/  Geoffrey R. Bok          </u>