Westlaw.

Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)
**(Cite as: 2009 WL 1393392 (D.Neb.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Nebraska.
Steven NAPOLITANO, Plaintiff,
v.
OMAHA AIRPORT AUTHORITY and Gary Schott,
Defendants.
**No. 8:08CV299.**

May 11, 2009.

West KeySummary
**Federal Civil Procedure 170A ⬤⤳1381**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others
Pending Action
            170AX(C)3 Examination in General
                170Ak1381 k. In general. Most Cited Cases
Documents reviewed by plaintiff to refresh his memory
in preparation for his deposition were not protected by
the attorney-client privilege. The documents of which
disclosure was sought did not appear to contain any
writings, compilations, mental impressions, conclu-
sions, opinions, or legal theories of counsel. The docu-
ments, however, appeared to contain factual information
compiled by plaintiff. Fed.Rules Civ.Proc.Rule
26(b)(3), 28 U.S.C.A.; Fed.Rules Evid.Rule 612, 28
U.S.C.A.

Douglas L. Steele, Kurt T. Rumsfeld, Megan K.
Mechak, Thomas A. Woodley, Woodley, McGillivary
Law Firm, Washington, DC, John E. Corrigan, Dowd,
Howard & Corrigan, LLC Omaha, NE, for Plaintiff.

A. Stevenson Bogue, J. Scott Paul, Jennifer R. Deitloff,
Michaela A. Smith, McGrath, North Law Firm, Omaha,
NE, for Defendants.

**ORDER**

F.A. GOSSETT, United States Magistrate Judge.

**\*1** This matter is before the court on defendants' Motion
(Doc. 50) to compel the production of documents the
plaintiff admittedly reviewed to refresh his memory in
preparation for his deposition. Counsel have complied
with the requirements of NECivR 7.0.1(i).

The plaintiff argues that the documents are either sub-
ject to the attorney-client privilege or constitute protec-
ted work product. Defendants argue that the documents
must be produced pursuant to Fed.R.Evid. 612(2) and
Fed.R.Civ.P. 30(b) because the plaintiff used them to
refresh his memory before testifying. Having con-
sidered the parties' evidentiary materials and written ar-
guments, the court finds that the motion should be gran-
ted.

**BACKGROUND**

Steven Napolitano's employment as a firefighter for the
Omaha Airport Authority (OAA) was terminated on
December 7, 2007. At that time, defendant Gary Schott
was the Chief of the OAA Fire Department and Napolit-
ano was the President of the Eppley Professional Fire
Fighters, an organization affiliated with the Internation-
al Association of Fire Fighters as Local 4573 ("Local
4573"). Chief Schott had accused plaintiff's supervisor,
Captain Phillip Goulette, of falsifying information on
training reports. Napolitano had signed the forms, at-
testing to their accuracy. On November 15, 2007, Na-
politano was interviewed twice by Schott and was sus-
pended from duty.

On July 11, 2008, Napolitano brought this action pursu-
ant to 42 U .S.C. § 1983, alleging that OAA and Schott
retaliated against him and terminated his employment,
in violation of his rights of free speech and public asso-
ciation under the First and Fourteenth Amendments to
the U.S. Constitution, because he actively supported
Local 4573 and spoke out on issues related to firefight-
ers' safety.[FN1]

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)
(Cite as: 2009 WL 1393392 (D.Neb.))

Page 2

> FN1. The factual basis for these allegations is discussed in Judge Smith Camp's April 23, 2009 Memorandum and Order (Doc. *63* ) on the defendants' Motion for Partial Summary Judgment. Plaintiff's claim based on alleged violations of the Nebraska Industrial Relations Act was dismissed on summary judgment.

Defendants' requests for production of documents were served on October 29, 2008. Request No. 2, which is the subject of this dispute, provides: "Produce any all documents, including but not limited to emails, notes, statements, letters, journals or diaries, which describe facts related to this matter or otherwise relate to the subject matter of this action and the facts and issues involved therein." Plaintiff asserted general objections to all the requests and specifically objected to Request No. 2 to the extent it requested documents protected by the attorney-client privilege and/or the work-product doctrine.

Napolitano was deposed on December 18, 2008, at which time he testified that he made notes on his personal computer about what he recalled about the circumstances of his separation from employment with OAA. To prepare for his deposition, Napolitano "got on the computer at home and started typing things up as [he] remembered them so [he] wouldn't forget them over the previous year." Doc. 52-2 at p. 3/22, 10:7-9. His attorneys acknowledge that he did consult these documents in preparation for his deposition. Doc. 52-4 at p. 2/3, ¶ 4.

During his deposition, Napolitano testified he could not recall many aspects of the two interviews he gave to Chief Schott in November 2007. Nor could he recall the substance of his conversations with Captain Goulette. *See* Doc. 52-2 at pp. 7-16/22. The defendants have demonstrated that plaintiff was, however, able to provide a wealth of testimony about the conversations he had with other firefighters that same day in the workout room at the fire station, after being interviewed by Chief Schott. *See* Doc. 52-2 at pp. 17-22/22.

*2 The documents now sought by the defendants are described on the first page of the plaintiff's privilege log (Doc. 52-5), as follows:

| Bates Number(s) | Date | Author | Recipient(s) | Subject Matter | Privilege Asserted |
|---|---|---|---|---|---|
| NAP00000029 | 11/15/2007 | Steven Napolitano | John Fahey John Corrigan | Memo, re: safety review conducted during summer 2007 by Union; conversation with Fire chief re: decontamination of turnout gear (1 page) | Attorney-Client/Work Product |
| NAP00000030-NAP00000032 | 11/15/2007 | Steven Napolitano | John Fahey John Corrigan | Memo, re: suspension, re: failure to properly record training/Phillip Goulette misconduct (3 pages) | Attorney-Client/Work Product |
| NAP00000033 | 12/11/2007 | Steven Napolitano | John Fahey John Corrigan | Memo, re: conversation on November 15, 2007 with | Attorney-Client/Work Product |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)
**(Cite as: 2009 WL 1393392 (D.Neb.))**

| | | | | | |
|---|---|---|---|---|---|
| | | | | firefighters in station weight room, re: intimidation by management during investigation (1 page) | |
| NAP00000034 | Undated | Steven Napolitano | John Corrigan | Note, re: statements by firefighters | Attorney-Client/Work Product |
| NAP00000035-NAP00000036 | Undated | Steven Napolitano | John Corrigan | Note, re: miscellaneous issues relating to suspension and termination (2 pages) | Attorney-Client/Work Product |
| NAP00000037 | 7/18/2008 | Steven Napolitano | John Corrigan | Memo, re: conversation with OAA supervisor of field maintenance, re: termination of other Union officials (1 page) | Attorney-Client/Work Product |
| NAP00000038 | 7/26/2008 | Steven Napolitano | John Corrigan | Memo, re: conversation with OAA field maintenance employee, re: termination of other Union officials (1 page) | Attorney-Client/Work Product |

## LEGAL ANALYSIS

For purposes of this discussion, the court will assume, without deciding, that the documents have been kept confidential and are either privileged under the federal common law, *see* Fed.R.Evid. 501 [FN2], or protected under the work-product doctrine, *see* Fed.R.Civ.P. 26(b)(3) [FN3].

> FN2. "Privileges, as exceptions to the general rule, 'are not lightly created nor expansively construed, for they are in derogation of the search for truth.' " *In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910, 918 (8th Cir.1997), *cert. denied,* 521 U.S. 1105, 117

S.Ct. 2482, 138 L.Ed.2d 991 (1997). Federal common law recognizes a privilege only in rare situations. *Id. In re Grand Jury Subpoena Duces Tecum,* 112 F.3d at 915-16 reflects the Eighth Circuit's recognition that the federal courts have relied upon Proposed Federal Rule of Evidence 503, also known as Supreme Court Standard 503, as an accurate definition of the federal common law of attorney-client privilege. Standard 503(b), published at 56 F.R.D. 183, 235-37 (July 1, 1973), provides that a cli- ent

has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)
**(Cite as: 2009 WL 1393392 (D.Neb.))**

purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and the lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

FN3. The work-product doctrine was incorporated into Fed.R.Civ.P. 26(b)(3), which now provides:

**(3) Trial Preparation: Materials.**

**(A) Documents and Tangible Things.** Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B) Protection Against Disclosure.** If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

There is no question that the plaintiff used the documents in question to refresh his memory in preparation for his deposition. Plaintiff avers that the documents are privileged because they were prepared by him, at the re-

quest of his attorney(s), to enable counsel to provide him with legal advice. Defendants submit that the documents are not privileged or protected; however, even assuming that the documents are protected, they must be produced pursuant to Fed.R.Evid. 612(2), which provides in relevant part:

Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either-

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness....

**\*3** Defendants argue that Evidence Rule 612(2) is applicable to deposition testimony by operation of Fed.R.Civ.P. 30(c)(1), which provides in part, "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."

Citing *Omaha Pub. Power Dist. v. Foster Wheeler Corp.,* 109 F.R.D. 615 (D.Neb.1986), the plaintiff argues that Evidence Rule 612(2) does not apply to depositions. To the court's knowledge, that position has not been adopted by the Eighth Circuit. The court's research shows the *Foster Wheeler* decision standing virtually alone in its position that Evidence Rule 162(2) does not apply in a deposition setting. Also, the Federal Rules of Civil Procedure have been amended several times since 1986, and the rules governing the conduct and scope of discovery were quite substantially changed in the 1993 and 2000 amendments. In light of these changes, the decision in *Foster Wheeler* has lost its persuasive value on this particular issue. *See, e.g., Frazier v. Ford Motor Co.,* 2008 WL 4809130, Case No. 4:05CV04077 (W.D.Ark., Oct. 31, 2008) (noting that the greater weight of authority holds that Rule 612 is

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 5

Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)
**(Cite as: 2009 WL 1393392 (D.Neb.))**

applicable to depositions). There being no binding authority to the contrary, this court elects to adopt the majority view and finds that Evidence Rule 612(2) does apply to depositions by operation of Fed.R.Civ.P. 30(c). *See, e.g., Nutramax Labs., Inc. v. Twin Labs. Inc.,* 183 F.R.D. 458 (D.Md.1998); *In re Comair Air Disaster Litig.,* 100 F.R.D. 350 (E.D.Ky.1983); *Heron Interact, Inc. v. Guidelines, Inc.,* 244 F.R.D. 75 (D.Mass.2007); *Frazier v. Ford Motor Co.,* 2008 WL 4809130, Case No. 4:05CV04077 (W.D.Ark., Oct. 31, 2008); *United States v. 22.80 Acres of Land,* 107 F.R.D. 20, 25 (N.D.Cal.1985).

In applying Evidence Rule 612(2) under these circumstances, three foundational elements must be met: (1) the witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing. *See Frazier v. Ford Motor Co.,* 2008 WL 4809130 at *1 (quoting *Nutramax,* 183 F.R.D. at 468).

The court finds that the first two elements have been met. Plaintiff's deposition testimony and his attorney's January 26, 2009 letter to opposing counsel (Doc. 52-4) stating that plaintiff did consult these documents in preparation for his deposition show that the plaintiff used the writings to refresh his memory for the purpose of testifying at his deposition.

Assuming that the documents are protected, the issue presented is whether the defendants are entitled to review the documents in the interest of justice. To decide this question, the court must balance defendants' need to see the documents-so as to test the plaintiff's credibility-with plaintiff's interest in protecting information which might reveal his attorneys' trial strategy or theory of the case.

*\*4* As in *Heron,* 244 F.R.D. at 77, the plaintiff "seeks a safe haven for all the documents under either the work-product doctrine or the attorney-client privilege, without making much of a distinction between the two." The attorney-client privilege exists to keep inviolate confidences of clients to their attorneys in order to enhance the exchange of communications. The purpose of the work-product doctrine is to "enhance the quality of professionalism within the legal field by preventing attorneys from benefitting from the fruit of an adversary's labor." *Id.*

The plaintiff has stated by affidavit that he prepared the documents at the direction of his attorneys, whom he contacted to obtain "legal advice about Local 4573's response" to Chief Schott's interviewing certain employees "and ensuring that the rights of the Local 4573 bargaining unit, and its members, were respected." Doc. 57-2. He was instructed to keep notes and records of his participation in the investigation "and to obtain the same from other Local 4573 members." After he was terminated, plaintiff consulted another attorney (present local counsel), who advised him to keep notes and records of his participation "in the investigation, termination, and other information that would be relevant to [his] lawsuit, including anti-union behavior on the part of the Omaha Airport Authority." *Id.*

The documents, as described in plaintiff's privilege log and affidavit, would not appear to contain any writings, compilations, mental impressions, conclusions, opinions, or legal theories of counsel. They would appear to contain factual information compiled by the plaintiff, some of it on the very date of the Schott interviews. The shelter afforded by the attorney-client privilege only protects the disclosure of communications and does not protect disclosure of the underlying facts by those who communicated with the attorney. *See Heron,* 244 F.R.D. at 78. In any event, the attorney-client privilege may be "pierced by operation of Rule 612." *Id. See also United States v. 22.80 Acres of Land,* 107 F.R.D. at 25 (pursuant to Rule 612(2), writings reviewed by a witness before a deposition for the purpose of refreshing recollection are discoverable; "any privilege or work product protection against disclosure is deemed waived as to those portions so reviewed.").

Regarding the work-product doctrine, the court observed in *In re Comair Air Disaster Litig.,* 100 F.R.D. at 353,

Although some authorities suggest that there is some conflict between F.R. Civ. P. 26(b)(3) and F.R. Evid.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)
**(Cite as: 2009 WL 1393392 (D.Neb.))**

612, this court believes that they may be read in harmony with each other. When so read, an analysis under F.R. Evid. 612 is similar to that made under F.R. Civ. P. 26(b)(3). That is, if materials qualify as work product, they are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means ." F.R. Civ. P. 26(b)(3). When, however, a witness has used such materials to refresh his recollection prior to testifying, F.R. Evid. 612 weights the balance in favor of finding that the "substantial need" exists, because of the policy in favor of effective cross-examination.

**\*5** "The ability of a witness to perceive, remember, and relate events is fair game for cross examination, and a deposing attorney has a legitimate need to know whether the witness is testifying from present memory, unaided by any review of extrinsic information, present memory 'refreshed' by reference to other materials, or really has no present memory at all, and can only 'testify' as to what is memorialized in writings prepared by the witness or others. The greater the passage of time since the events about which the witness will testify, the more likely that the witness needed to refresh his or her recollection to prepare for testimony." *Nutramax,* 183 F.R.D. at 469.

In this case, no attorneys were involved in preparing the disputed documents, and the plaintiff and his counsel have admitted the documents were used by the plaintiff to prepare for his deposition, so that he could remember the events that are central to this litigation. The court is persuaded that it is necessary in the interests of justice to compel disclosure of all the documents the plaintiff reviewed to refresh his memory in preparation for his deposition. Pursuant to Fed.R.Evid. 612(2) and Fed.R.Civ.P. 30(c),

**IT IS ORDERED** that defendants' Motion to Compel (Doc. 50) is granted, as follows:

1. Plaintiff is given until **May 14, 2009** to request an *in camera* review of Bates numbered documents Nos. NAP00000029, NAP00000030-NAP00000032,

NAP00000033, NAP00000034, NAP00000035-NAP00000036, NAP00000037 and NAP00000038.

2. If no *in camera* review is requested, plaintiff shall produce the documents for defense counsel's inspection no later than **Friday, May 15, 2009.**

3. Pursuant to NECivR 72.2, a party may appeal this order to the district judge by filing a "Statement of Appeal of Magistrate Judge's Order" no later than **May 14, 2009.** The filing of a statement of appeal will not stay this order pending appeal. **Any requests for a stay shall be filed by separate motion at the time the appeal is filed.**

D.Neb.,2009.
Napolitano v. Omaha Airport Authority
Not Reported in F.Supp.2d, 2009 WL 1393392 (D.Neb.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.